# UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>CSC Developers, LLC,<br>　　　　　　　　　　　Debtor. | CHAPTER 7<br>CASE NO. 18-02053-hb<br>Doc 114 (Notice and Application for Sale of Property)<br>Doc 118 (Objection to Notice and Application for Sale of Property) |
|---|---|

### CREDITOR CHANDELLE POA'S AMENDED OBJECTION TO THE BANKRUPTCY TRUSTEE'S NOTICE AND APPLICATION FOR SALE OF PROPERTY

On July 26, 2019, John K. Fort, Trustee, filed a Notice of Application for Sale of Property for Lot 24 [Doc. 114] located in the Chandelle Subdivision, Greer, South Carolina. The Trustee submits the property is unencumbered by any liens, mortgages, or security interests. The Trustee requests the court approve the sale of Lot 24 for a total purchase price of $62,500. Because the Notice does not state that the POA has a secured lien on Lot 24 and because the Notice does not indicate the property is subject to the Declaration of Covenants, Conditions and Restrictions for the Development, Chandelle POA objects to the Trustee's Notice of Sale.

**I.    Chandelle POA Has a Secured Lien on Lot 24**

The Declaration of Covenants, Conditions and Restrictions for the Development (the CCRs) was recorded December 16, 1997. The CCRs provide "[Debtor], for each lot owned within the [Development] hereby covenants, and each Owner of any Lot, by acceptance of a deed therefore . . . is deemed to covenant and agree to pay to the Association: (a) Annual assessments or charges . . . [and] (b) Special assessment." *See* Exhibit A, Article XI, § 11.1. The CCRs further indicate the assessments "shall commence as to all Lots on January 1, 1998." Exhibit A. Since recording the CCRs in 1997, Debtor has failed to pay any annual or special assessments levied by the Board of Directors. *See* Exhibit B (Statement of Account). Those unpaid assessments are

a lien against the property. *See* Exhibit A, Article XI, § 11.8 ("All monetary fines assessed against an Owner pursuant to the Association documents . . . shall be a default assessment and shall become a lien against such Owner's Lot.").

Debtor exercised control over Chandelle POA and still claims to exercise such control today. Debtor has refused to pay past assessments which are due. Debtor refuses to recognize Chandelle POA's board as having authority to demand past-due assessments, interest, and penalties.

Accordingly, Debtor owes Chandelle POA $13,066.67 in past-due annual and special assessments, $1,960 in penalties, $32,199.02 in interest, $1,301.25 in attorney's fees, and $90.16 in court costs related to Lot 24 alone. Further, interest on the past-due assessments continues to accrue at a rate of 12% per year. Accordingly, as of August 1, 2019, CSC owes Chandelle POA $48,617.10, which debt is secured by a lien on Lot 24. Additionally, the Board of Directors has announced an additional special assessment for 2019 is due October 1, 2019.

## II. Lot 24 Must be Made Subject to the CCRs

When Debtor sold Lot 24 to the Gregory J. Steck Living Trust and the Kerry R. Steck Living Trust, it did not include a reference to the recorded CCRs for the Chandelle community. Accordingly, there is no explicit reference in the chain of title for Lot 24 ensuring the lot is subject to the community's restrictions as contemplated by Debtor and the residents of Chandelle. The CCRs themselves, however, indicate,

> all property described herein and shown as lots 1 through 26 on the Chandelle Subdivision plat dated September 24, 1997 by Huskey & Huskey, Inc. for Spartanburg County, South Carolina is and shall be held, transferred, sold, conveyed and occupied subject to the covenants, conditions, restrictions, easements, charges, and liens set forth in the Declaration which shall run with the real property and be binding on all parties owning any right, title or interest in said real property or any part thereof, their heirs,

successors and assigns, and shall inure to the benefit of each owner thereof.

Exhibit A. Based on these recorded covenants, Lot 24 must be sold subject to the CCRs for Chandelle, and any purchaser taking title to Lot 24 must be on notice of those conditions.

Respectfully submitted,

ROGERS TOWNSEND & THOMAS, PC

*s / Joshua R. Hinson*
Robert P. Wood (Fed. I.D. 4738)
Joshua R. Hinson (Fed. I.D. 12916)
1221 Main Street, 14th Floor (29201)
P.O. Box 100200
Columbia, SC 29202-3200
(803) 771-7900
robert.wood@rtt-law.com
joshua.hinson@rtt-law.com

ATTORNEYS FOR CHANDELLE POA

August 16, 2019